**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JAIRO R. PORTILLO,
Plaintiff

v.

PRUDENTIAL INSURANCE COMPANY,
Defendant

C.A. NO.: 06-273S

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER TO THE PLAINTIFF'S COMPLAINT**

PARTIES AND JURISDICTION

1. Prudential admits the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2. Prudential admits that it issued a policy of insurance to Plaintiff's employer for long term disability coverage. Prudential denies the remainder of the allegations as they call for legal conclusions.

3. Prudential admits that it acted as the claims administrator pursuant to a policy of insurance issued to the Plaintiff's former employer and further admits that the policy number is 23101. Prudential denies the remaining allegations contained in paragraph 3 of the Plaintiff's Complaint not otherwise admitted.

4. Prudential admits that Plaintiff was an employee of Thermo Electron Corp. at the time indicated and admits that Plaintiff was a third party beneficiary of the policy of insurance issued to Thermo Electron Corp. Prudential denies the remainder of the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. Prudential admits the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6. Prudential admits that on or about the time referenced in the Plaintiff's Complaint that Plaintiff ceased working. Prudential denies the remainder of the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. Prudential admits that Plaintiff filed a claim for long-term disability benefits under the policy and Prudential denies the remainder of the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. Prudential admits the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9. Prudential answers that it terminated benefits as the Plaintiff no longer met the definition of disability contained in the Plan. Prudential further answers that Plaintiff appealed Prudential's decision. Prudential denies the remainder of the allegations not otherwise admitted.

10. Prudential denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

**WHEREFORE**, Prudential Insurance Company which should be named The Prudential Insurance Company of America, asks that all counts against it be dismissed and that it be awarded costs, fees and any other relief deemed just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Prudential has fully performed its contractual duties owed to the Plaintiff and Plaintiff is estopped from asserting claims against Prudential.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Prudential's handling of Plaintiff's claims for long term disability benefits complied fully with terms and conditions of the LTD Plan.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that it has complied with and performed all of its promises, obligations and duties to Plaintiff under the Long Term Disability Plan and handling of the Plaintiff's claim for Long Term Disability benefits complied fully with terms and conditions of ERISA.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is not entitled to disability benefits under the Long Term Disability Plan because he is not "totally disabled" as that phrase is defined in the Plan.

SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Plaintiff's demand for attorney fees should not be granted because under ERISA 29 USC §1132(g) the defenses asserted by the Defendant are reasonable and made in good faith.

SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that each and every act done or statement made by Prudential with reference to the Plaintiff was a good faith assertion of Prudential's rights and therefore was privileged and/or justified.

EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 29 USC §1132(g), Defendant is entitled to an award of its reasonable attorney fees incurred in defense of this matter.

NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that it is not liable to Plaintiff for long term disability benefits.

TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant reserves its right to assert additional defenses up to time of trial.

ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant states that the Complaint contains a misnomer.

**Respectfully submitted,**

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Local Counsel:

/s/ Michael J. Pisaturo
Michael J. Pisaturo, #5936
THE LAW OFFICE OF MICHAEL J. PISATURO, PC
1312 Atwood Avenue
Johnston, RI 02919
Telephone: (401)464-8111
Facsimile: (401)942-4928

/s/ Carey Bertrand
William T. Bogaert
Application for Admission *Pro Hac Vice* pending
Carey L. Bertrand
Application for Admission *Pro Hac Vice* pending
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
Telephone: (617) 422-5300
Facsimile: (617) 423-6917

## Certificate of Service

I, Michael J. Pisaturo, Esq., hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants (**Anthony J. Gianfrancesco** a.gianfrancesco@bgmalaw.com) as identified on the NEF on August 3, 2006.